IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

LINEX TECHNOLOGIES, INC.,

        Plaintiff,

v.

AEROHIVE NETWORKS, INC.,

        Defendant.

## COMPLAINT

Plaintiff, Linex Technologies, Inc., brings this action seeking damages for patent infringement against Aerohive Networks, Inc., and states as follows:

### The Parties

1. Linex is a Delaware corporation with its principal place of business in Palm Beach Gardens, Florida. Linex employs sophisticated electrical engineers who have successfully patented numerous inventions in a variety of fields, including wireless networking.

2. Linex engineers have more than 125 years of combined experience in wireless communications, have published numerous papers in this area of communications, are the inventors of more than 150 patents in the wireless area and hold numerous awards for their contributions to this field.

3. Aerohive is a Delaware corporation with its principal place of business in Sunnyvale, California. Aerohive makes and sells wireless networks and wireless network components which infringe on at least two patents owned by Linex.

1

## Jurisdiction and Venue

4.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and jurisdiction is properly based under §§ 271 and 281, and 28 U.S.C. § 1338(a).

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

6.     Aerohive is subject to jurisdiction of Florida courts pursuant to Fla. Stat. §48.193(1)(a) and (b) because it conducts business activities in Florida and within this judicial district, including regularly doing or soliciting business, engaging in conduct and deriving substantial revenue from the sale of its infringing products in Florida.

## Background of Mesh Networks

7.     This case involves an emerging communications technology known as "mesh networks."  Mesh networks efficiently connect large numbers of remote stations to central stations or gateways by using nodes.  The nodes "talk" to each other through hardware and software to facilitate their interaction.  By hopping from one mesh node to the next, the nodes can automatically choose the quickest and the most reliable path for information to be sent and received by the remote stations.

8.     Effort to standardize mesh networks have resulted in several published standards including IEEE 802.11s and IEEE 802.15.4.

## Count I - Patent Infringement ('377 patent)

9.     Linex owns United States Patent No. 6,493,377 entitled "Distributed Network, Spread-Spectrum System" which was issued on December 10, 2002 ("the '377 patent"). *See Exhibit A.*  The '377 patent encompasses an invention for distributed networks having a plurality of remote stations and plurality of nodes commonly referred to as a "mesh" network.

10. The '377 patent is presumed valid under 35 U.S.C. § 282.

11. Linex has the exclusive right to enforce and license the '377 patent.

12. Aerohive manufactures and sells mesh networks and mesh network components, including: Aerohive AP110 802.11n access point, Aerohive AP121 Dual Radio access point, Aerohive AP141 Dual Radio access point, Aerohive AP170 Outdoor access point, Aerohive AP330 802.11n access point, and Aerohive AP350 802.11n access point. These products infringe the '377 patent either literally or under the doctrine of equivalents making Aerohive liable for direct patent infringement, contributory patent infringement, or inducement of patent infringement.

13. Aerohive is aware of the '377 patent and Linex's exclusive right to enforce and license the patent. Upon information and belief, Aerohive was and is aware that the products it manufactures and sells infringe the '377 patent. Linex wrote to Aerohive on April 4, 2012 to explain its patented technology and to offer Aerohive the opportunity to discuss a licensing arrangement. Linex also contacted the CEO of Aerohive on July 2, 2012. Aerohive never responded to Linex's offer.

14. Aerohive's unlicensed manufacture and sale of the products listed above infringe the '377 patent causing injury to Linex. As a result of this infringement, Linex is entitled to recover compensatory damages that at a minimum are equal to a reasonable royalty.

15. Aerohive's infringement of the '377 patent has been and continues to be willful.

### Count II - Patent Infringement ('503 patent)

16. Linex owns United States Patent No. 7,167,503 entitled "Distributed

Network, Spread-Spectrum System" which was issued on January 23, 2007 ("the '503 patent"). *See Exhibit B.* Like the '377 patent, the '503 encompasses an invention for distributed networks having a plurality of remote stations and plurality of nodes commonly referred to as a "mesh" network.

17. The '503 patent is presumed valid under 35 U.S.C. § 282.

18. Linex has the exclusive right to enforce and license the '503 patent.

19. Aerohive manufactures and sells mesh networks and mesh network components, including: Aerohive AP110 802.11n access point, Aerohive AP121 Dual Radio access point, Aerohive AP141 Dual Radio access point, Aerohive AP170 Outdoor access point, Aerohive AP330 802.11n access point, and Aerohive AP350 802.11n access point. These products infringe the '503 patent either literally or under the doctrine of equivalents making Aerohive liable for direct patent infringement, contributory patent infringement, or inducement of patent infringement.

20. Aerohive is aware of the '503 patent and Linex's exclusive right to enforce and license the patent. Upon information and belief, Aerohive was and is aware that the products it manufactures and sells infringe the '503 patent. Linex wrote to Aerohive on April 4, 2012 to explain its patented technology and to offer Aerohive the opportunity to discuss a licensing arrangement. Linex also contacted the CEO of Aerohive on July 2, 2012. Aerohive never responded to Linex's offer.

21. Aerohive's unlicensed manufacture and sale of the products listed above infringe the '503 patent causing injury to Linex. As a result of the infringement, Linex is entitled to recover compensatory damages that at a minimum are equal to a reasonably royalty.

22. Aerohive's infringement of the '503 patent has been and continues to be willful.

## Demand for Jury Trial

Under Rule 38 of the Federal Rules of Civil Procedure Linex is entitled to and demands a jury trial on all claims and issues.

## Prayer for Relief

**WHEREFORE,** Linex seeks entry of judgment:

a) that Aerohive has infringed one or more of the asserted claims of the '377 patent by making using, importing, offering for sale, and/or selling products that are used to implement a mesh network;

b) that Aerohive has infringed one or more of the asserted claims of the '503 patent by making using, importing, offering for sale, and/or selling products that are used to implement a mesh network;

c) that Aerohive's infringement of the Linex patents is willful;

d) that Aerohive account for and pay to Linex all damages caused by its infringement of the '377 patent and the '503 patent that are at a minimum equal to a reasonable royalty;

e) that Linex be granted pre-judgment and post-judgment interest on the damages caused by Aerohive's infringement of the '377 patent and the '503 patent;

f) that attorney fees and costs be awarded to Linex under 35 USC §285;

g) that Linex be awarded treble damages for Aerohive's willful infringement; and

h) that Linex be granted such other and further relief that is just and proper under the circumstances.

6

          Kozyak Tropin & Throckmorton, P.A.
          Counsel for Linex Technologies, Inc.
          2525 Ponce de Leon, 9th Floor
          Coral Gables, Florida 33134
          Tel: (305) 372-1800

          By:   /s/ Douglas A. Wolfe
          Kenneth R. Hartmann
          Florida Bar No. 664286
          E-mail: KRH@kttlaw.com
          Douglas A. Wolfe
          Florida Bar No. 28671
          E-mail: DAW@kttlaw.com

3920-102/344669.1